```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Komi Ofori**

    **v.**                                    Case No. 03-cv-367-PB

**Ruby Tuesday, Inc.**


### MEMORANDUM AND ORDER

Pro se plaintiff Komi Ofori alleges that his former employer, Ruby Tuesday, Inc., engaged in acts of racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  He claims that he was treated differently from other employees in terms of compensation and training and that he was constructively discharged.  Ruby Tuesday moves for summary judgment, arguing that there is insufficient evidence to support Ofori's claims.  Ofori objects and has filed his own motion for summary judgment.  Because I agree with Ruby Tuesday, I grant its motion and deny Ofori's motion.


### I.   BACKGROUND

Ofori, a Black male born in West Africa, worked as a dishwasher at a Ruby Tuesday restaurant in Manchester from

November 2000 until May 2002.  Although he occasionally worked as a prep cook in addition to dishwashing, Ofori alleges that he was denied training opportunities to become certified in other positions.  Compl. at 2.

During most of his employment, Ofori's wage was $9.00 per hour.[1]  He alleges that some dishwashers who were hired after him received higher initial rates of pay.  Ofori also claims that he was treated unfairly in terms of the distribution of free meals.  When Ofori was hired, the restaurant's general manager gave dishwashers one free meal per shift.[2]  Other employees could purchase meals at a 40% discount.  Kenneth Woodrow became the new general manager in September 2001 and subsequently suspended the free meal policy for approximately six months.  During this time, the dishwashers had to pay for meals at the regular employee-discounted price.

---

[1] Although Ruby Tuesday's records show that Ofori's initial rate of pay was $8.50 per hour, Ofori submitted an "Employee Data Sheet" that states an initial rate of $8.00 per hour.  See Pl. Mot. Summ. J. Ex. C.  He concedes that his hourly wage was increased to $9.00 in January 2001, two months after he was hired.  Ofori Dep. at 22.

[2] Ruby Tuesday does not have a company-wide policy allowing employees to receive free meals while working.

-2-

Ofori claims that Hernan Campo, who is Hispanic, continued to receive free meals while other employees paid for them. He bases this allegation on information he obtained from Campo and other non-management employees. One night at the restaurant, Campo, who speaks mostly Spanish, said to Ofori, "No food for [B]lack men." Ofori Dep. at 27. Ofori, who speaks French, didn't understand what Campo meant so he sent Campo to talk with another Spanish-speaking employee named Georges. Id. Georges then told Ofori that Campo said that he was not paying for his food. Id. Ofori also claims that he heard from another co-worker that some of the day-shift employees were receiving free meals. Id. at 29.

Woodrow reinstated the free meal policy for dishwashers after Ofori and another employee complained. Id. at 31. After approximately four months, Woodrow limited the free meal benefit to certain less-costly menu items, such as hamburgers and sandwiches. Id. at 32. A couple of months later, Ofori had an argument with another manager about his obligation to pay for a dessert item. Id. at 33. Woodrow then discontinued free meals for all employees. Shortly thereafter, Ofori resigned his position. Id.

Ofori filed a Charge of Discrimination with the New Hampshire Human Rights Commission on August 12, 2002, alleging race discrimination on the basis of unequal compensation. The EEOC issued a right-to-sue letter in May 2003 and Ofori filed his complaint in this court on August 20, 2003.

## II.  **STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, I construe the evidence in the light most favorable to the nonmovant. Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

The party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the burden shifts to the adverse party to "produce evidence on which a

reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996). The "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Evidence that is "merely colorable or is not significantly probative" is insufficient to defeat summary judgment. Anderson, 477 U.S. at 249 (citations omitted).

### III.  ANALYSIS

Ofori alleges disparate treatment in terms of pay, training, and the distribution of free meals. He also claims that he was constructively discharged. I analyze Ofori's claims by using the familiar burden-shifting framework first established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

> Under the McDonnell Douglas analysis, a plaintiff must establish a prima facie case, which in turn gives rise to an inference of discrimination. The employer then must state a legitimate, nondiscriminatory reason for

>   its decision.  If the employer can state such a reason,
>   the inference of discrimination disappears and the
>   plaintiff is required to show that the employer's
>   stated reason is a pretext for discrimination.

Kosereis v. Rhode Island, 331 F.3d 207, 212 (1st Cir. 2003) (citations omitted).  "The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination."  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 153 (2000).

   I address each of Ofori's claims below.

**A.  Pay discrimination**

   Ofori bases his pay discrimination claim on the fact that Hernan Campo, a dishwasher and salad bar attendant, was paid at a higher hourly rate.  Campo was hired in June 2001 at the rate of $9.00 per hour.  His hourly wage was increased to $10.00 in August 2001 and $10.50 in December 2001.  Def. Mot. Summ. J. Decl. of Kenneth Woodrow ("Woodrow Decl."), Ex. B (Earnings History of Hernan Campo).

   Ruby Tuesday offers two explanations for Campo's hourly wage.  First, Campo was paid more than Ofori because he worked as

-6-

both a dishwasher and a salad bar attendant.  Furthermore, management viewed Campo as "extremely efficient and productive and one of the hardest working individuals in the restaurant." Woodrow Decl. ¶ 22.  In contrast, Ofori was disciplined at least once for attendance and tardiness problems.  Def. Mot. Summ. J. Decl. of Jonathon Bara ¶ 6 & Attach. A.

Second, Ruby Tuesday notes that initial pay rates for new employees are based on several factors, including the employee's experience, last pay rate, requested pay rate, and the restaurant's current need to fill the position.  Woodrow Decl. ¶ 20.  In particular, the restaurant's need to fill the position can vary from month to month and may account for discrepancies in pay between employees hired for a particular position around the same time frame.  Id.  Likewise, pay increases are not based on seniority but rather on the employee's work performance, initiative and attitude.  Id. ¶ 21.

Ruby Tuesday has provided earnings histories for dishwashers hired during 2001 and 2002 to support its contention that pay rates were based on the above factors.  For example, Bernado Deolindo, a Hispanic male hired in June 2001, and Rick Eaton, a White male hired in April 2002, both were given an initial pay

rate of $8.00 per hour.  Woodrow Decl. ¶¶ 8, 13.  Likewise, Jeremy Rochefort, a White male, and Carlos Martinez, a Hispanic male, were hired in late April 2002 at the rate of $8.75 per hour.  Woodrow Decl. ¶¶ 15, 17.  Dave Lavoie, a White male, was also hired in late April 2002 as a dishwasher and salad bar attendant making $9.00 per hour.  Woodrow Decl. ¶ 16.

Ofori has not submitted any evidence that suggests that Ruby Tuesday's proffered explanations are pretexts for race discrimination.  Instead, he relies on documents from his unemployment case before New Hampshire Employment Security, in which Ruby Tuesday admitted that another employee was paid more than Ofori.[3]  Pl. Mot. Summ. J. Ex. B.  Ruby Tuesday does not deny that some employees were given a higher initial wage than Ofori; rather, it has offered a legitimate, non-discriminatory reason for this disparate treatment.  Because there is no basis on which a jury could find that this explanation is a pretext for discrimination, Ruby Tuesday is entitled to summary judgment on

---

[3] Ofori also makes much of the fact that his friend, Wandja Kasongo, was initially hired to bus tables in February 2001 at the rate of $5.15 per hour.  However, Kasongo was paid a higher hourly wage when he worked in other positions and was rehired as a dishwasher in December 2001 at the rate of $8.50 per hour. Woodrow Decl. ¶¶ 10-12.

this claim.

**B.   Free meals**

Ofori claims that during the time period in which Woodrow suspended the free meal policy, Campo continued to receive free meals while other dishwashers paid for them.  Ruby Tuesday denies this allegation.[4]  Answer ¶ 12.  Ofori can only point to hearsay statements by non-management co-workers to support his claim. When asked whether any White employees ever told him directly that they were getting free meals, Ofori conceded that Campo (who is Hispanic) was the only employee who did so.  Ofori Dep. at 29. Campo's statement to Ofori, "No food for [B]lack men," is ambiguous at best and does not prove improper motivation on the part of the employer.  The other statements that Campo allegedly made to Georges, who then told Ofori, are inadmissible hearsay. Because Ofori has not presented any admissible evidence that he was denied a benefit that another employee received, Ruby Tuesday's motion for summary judgment is granted as to this

---

[4] Ruby Tuesday also argues that Woodrow's decision to revoke the free meal policy was not a materially adverse employment action.  See Blackie v. Maine, 75 F.3d 716, 725 (1st Cir. 1996).

claim.

**C.   Training**

Ofori alleges that he was denied opportunities to train for positions other than dishwashing so that he could receive his 2-star certification.  Ofori Dep. at 45.  Ruby Tuesday counters that Ofori was given the Back-of-the-House (BOH) Certification Guide and was offered opportunities to train for other positions but he failed to complete the training and take the necessary tests to be certified.  Woodrow Decl. ¶ 24.

To support his claim, Ofori submitted a document from the BOH manual showing that he was trained in certain tasks related to dishwashing.  Pl. Mot. Summ. J. Ex. F.  However, he has not offered any evidence, other than bare allegations, that he requested additional training and was denied.  Furthermore, Ofori has not offered any evidence that similarly-situated employees were given more training opportunities than he was given.  Accordingly, Ruby Tuesday's motion for summary judgment is granted as to this claim.

### D. Constructive Discharge

Ofori alleges that he resigned his position at Ruby Tuesday because Woodrow eliminated the free meal policy and denied Ofori's requests for a pay raise. Ofori Dep. at 35. As discussed above, Ofori has not established that he was discriminated against in terms of pay, training or the receipt of free meals. These claims form the basis of Ofori's allegation that he "had no choice but to quit." Compl. at 3. Because a reasonable jury could not find that Ofori was constructively discharged, Ruby Tuesday is entitled to summary judgment on this claim.

### IV. CONCLUSION

Ruby Tuesday's Motion for Summary Judgment (Doc. No. 26) is granted and Ofori's Motion for Summary Judgment (Doc. No. 28) is denied. The clerk is instructed to enter judgment accordingly.

SO ORDERED.

/s/ Paul Barbadoro  
Paul Barbadoro  
United States District Judge

January 26, 2006

cc:  Komi Ofori, *pro se*
     Cornelius Heusel, Esq.
     Jennifer Parent, Esq.